UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jump Rope Systems, LLC,

    Plaintiff,

v.                                  Case No. 2:18-cv-731

Coulter Ventures, LLC,           Judge Michael H. Watson

    Defendant.                   Magistrate Judge Vascura

## OPINION AND ORDER

Coulter Ventures, LLC ("Defendant") moves to stay this patent infringement case pending resolution of an *inter partes* review ("IPR") petition filed with the Patent and Trademark Office ("PTO"). Mot., ECF No. 24. Jump Rope Systems, LLC, ("Plaintiff") opposes the request. For the following reasons, the Court **GRANTS** Defendant's motion to stay this case.

"[The] power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power to stay extends to patent proceedings where there is an IPR pending before the Patent Trial and Appeal Board ("PTAB"). *See Intellectual Ventures II LLC v. Huntington Bancshares, Inc.*, Case No. 2:13-cv-785, 2014 WL 2589420, at *2 (S.D. Ohio June 10, 2014). However, "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl.*

*Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.*

When considering whether to stay a patent case pending proceedings before the PTAB, courts have considered the following factors: "[1] whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Stuart v. Rust-Oleum Corp.*, No. 2:16-cv-622, 2018 U.S. Dist. LEXIS 162096, at *3 (S.D. Ohio Sept. 21, 2018) (collecting cases).

Defendant moves to stay this case pending review by the PTAB and contends that a stay will conserve resources, narrow or eliminate the issues in this case, and not unduly prejudice Plaintiff. Mot. to Stay, ECF No. 24.

As to the first factor, Defendant represents that a stay would be beneficial because the parties are still in the early stages of litigation, and a stay would conserve resources. Mot. 11, ECF No. 24. Meanwhile, Plaintiff represents that the parties are "far beyond the early stages of litigation." Resp. 11, ECF No. 28. Regardless of whether the parties have engaged in some discovery, the Court finds this factor still weighs in favor of a stay because more discovery is still necessary, and no trial date has been established.

Second, Defendant contents that the IPR petitions "are likely to resolve the entire lawsuit" or at least narrow the scope of the issues and offer guidance on the proper construction of the claims in this case. Mot. 6, ECF No. 24. Plaintiff points to other cases in which a stay was not granted pending an IPR to support its contention that "a stay would serve no purpose." Resp. 8–9, ECF No. 28. Although it is true that a court is not required to stay a case when an IPR is pending, the Court also does not want to risk engaging in duplicative, inconsistent, or unnecessary litigation. Accordingly, this factor weighs in favor of a stay.

Finally, Defendant argues that a stay will not unduly prejudice Plaintiff. Defendant maintains that Plaintiff will not suffer prejudice if the case is stayed because Plaintiff has already waited six years before bringing this lawsuit, and any harm can be remedied through monetary relief. Mot. 9–10, ECF No. 24. Plaintiff argues that it would be prejudiced by a stay because the two companies are competitors. Resp. 5, ECF No. 28. Regardless of whether the parties are competitors, however, Plaintiff does not address how monetary compensation would be inadequate. Thus, the Court finds that any potential prejudice against Plaintiff does not outweigh the benefits of a stay.

The Court recognizes that courts both within this district and across the country facing similar facts have arrived at different conclusions. *See, e.g., Intellectual Ventures II LLC v. Huntington Bancshares, Inc.*, No. 2:13-cv-785, 2014 U.S. Dist. LEXIS 78753, at *7 (S.D. Ohio June 10, 2014) ("Case law from

around the country supports both parties' positions regarding the proposed stay. In other words, courts facing similar facts have both granted and denied motions to stay."). "The issue comes down to a common-sense analysis of the circumstances of each case." *Id.* at *8. In this case, the Court agrees with Defendant that, on balance, the benefits of the requested stay outweigh the costs.

Accordingly, the Court **GRANTS** Defendant's motion to stay, ECF No. 24. This case is hereby **STAYED** until the conclusion of the IPR proceedings. The parties are **DIRECTED** to inform the Court **within THIRTY DAYS** after the IPR decision.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**